PER CURIAM.
This matter is before the Court on respondent’s petition for leave to resign pending disciplinary proceedings with right to apply for reinstatement pursuant to The *936 Florida Bar Integration Rule, article XI, Rule 11.08.
The petition states:
1. That the petitioner [respondent] was admitted to practice law in the State of Florida in 1967.
2. That on September 12, 1983, the respondent was sentenced by the United States District Court for the Northern District of Florida to one year imprisonment and a fine of $10,000.00 for his failure to file Federal Income Tax returns for the years 1978, 1979 and 1980.
3. That two grievance complaints have been filed against the petitioner [respondent], on one of which the Grievance Committee found probable cause and which is presently pending hearing before a referee pursuant to this Court’s order of January 30, 1984. This complaint is based upon petitioner’s [respondent’s] conviction and sentence by the United States District Court for the Northern District of Florida as set forth above.
4. That the remaining complaint against petitioner [respondent] consists of a charge that your petitioner [respondent] neglected to adequately represent matters entrusted to him by a client.
5.Petitioner [respondent] believes it to be in the best interest of the Florida Bar, the public, and himself that he voluntarily resign from the Florida Bar.
The Florida Bar having now filed its response supporting the petition and the Court having reviewed the same and determined that the requirements of rule 11.-08(3) are fully satisfied, the petition for leave to resign pending disciplinary proceedings with right to apply for reinstatement is hereby granted, and Roger M. Sherman’s name is hereby stricken from the roll of attorneys in the State of Florida effective this date.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDonald and SHAW, JJ., concur.